IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM, | No. C 12-06537 YGR (PR) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL WITH LEAVE TO AMEND; AND DENYING REQUEST FOR APPOINTMENT OF COUNSEL** |
| EVA SCRUGGS, et al., | |
| Defendants. / | |

**INTRODUCTION**

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, stemming from alleged constitutional violations at SVSP. Thereafter, he filed a document entitled, "Amended Supplemental Complaint." The Court notes that Plaintiff's initial complaint is approximately ninety-three pages long, and his "Amended Supplemental Complaint" consists of 132 pages. In each document, Plaintiff has completed the four-page civil rights complaint form and then attached multiple additional pages. Plaintiff also refers to several exhibits in both documents, but no such exhibits have been provided to the Court. Plaintiff requests leave to proceed *in forma pauperis* and the appointment of counsel to represent him in this action.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

The Court now conducts its initial review of the "Amended Supplemental Complaint" pursuant to 28 U.S.C. § 1915A. Plaintiff request for leave to proceed *in forma pauperis* will be granted in a separate Order. His request for appointment of counsel is DENIED without prejudice, as explained below.

**DISCUSSION**

**I. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

1  § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that
2  are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary
3  relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se*
4  pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d
5  696, 699 (9th Cir. 1988).

6  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
7  claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not
8  necessary; the statement need only give the defendant fair notice of what the . . . claim is and the
9  grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
10 Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
11 plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels
12 and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .
13 Factual allegations must be enough to raise a right to relief above the speculative level." *Bell*
14 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer
15 "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States
16 Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal
17 conclusions can provide the complaint's framework, they must be supported by factual allegations.
18 When there are well-pleaded factual allegations, a court should assume their veracity and then
19 determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S.
20 662, 679 (2009).

21 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
22 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the
23 alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487
24 U.S. 42, 48 (1988).

25 A supervisor may be liable under § 1983 upon a showing of personal involvement in the
26 constitutional deprivation or a sufficient causal connection between the supervisor's wrongful
27 conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th
28 Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for

constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001).

**II.     Exhaustion**

A question which must be answered before Plaintiff can proceed with his claims is whether he has exhausted available administrative remedies with respect to each claim.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." *Id.* at 524; *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. *Id.* at 741. The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record. *See Porter*, 534 U.S. at 525.

A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003). Accordingly, a claim may be dismissed without prejudice if it is clear from the

record that the prisoner has conceded that he did not exhaust administrative remedies. *Id.*

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." *See* Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). *See id.* at 1237-38.

Here, the record is unclear whether Plaintiff exhausted his claims to the Director's level before filing his federal complaint. It is not the Court's job to scour the record or to attempt to decipher what Plaintiff's claims are by reviewing the over 200 pages he has submitted. By examining Plaintiff's responses to the section relating to exhaustion in the four-page civil rights form attached to his "Amended Supplemental Complaint," the Court finds that it is evident that Plaintiff has attempted to exhaust his claims through the grievance procedure at SVSP. He refers to certain grievance forms, Log no. SVSP-L-11-00669 and Log no. SVSP-L-11-01435, that he claims he has attached to his "Amended Supplemental Complaint" as "EXHIBIT #15 & #18," respectively. (Am. Supp. Compl. at 2.) Because these grievances have not been provided to the Court, there is no way determine which claims Plaintiff had attempted to exhaust in each of these grievances. In any event, Plaintiff contends that his "EXHIBIT #15 grievance" is "some what in SVSP LIMBO." (*Id.*) Plaintiff has attached five additional pages dealing with the exhaustion issue alone. The Court notes that at the top of the first additional page, Plaintiff states that he is "explaining why each individual grievance wasn't pursued to a certain level of appeal." (Am. Supp. Complaint, Attach. at 1 of 5.) It thus appears Plaintiff has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).

Accordingly, it appears that Plaintiff's claims are unexhausted and subject to dismissal.

4

Therefore, Plaintiff's complaint is DISMISSED with leave to amend in order to prove that he exhausted all of his claims against each Defendant *before* he filed this action. If Plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege, as set forth below.

**III.     Federal Rules of Civil Procedure 8        and 20**

As explained above, attached to the civil rights complaint forms in his initial complaint and his "Amended Supplemental Complaint" are approximately over 200 pages total, not counting multiple exhibits that have not been provided to the Court. Looking at his most recent filing -- the "Amended Supplemental Complaint" -- it contains 438 paragraphs relating to "thirteen legal claims," a six-page "Relief Requested" section, and names approximately thirty-seven Defendants. The "Amended Supplemental Complaint" is extraordinary broad, and appears to touch upon everything Plaintiff found objectionable between January 2011 through July 2013, including allegations about retaliation, employment discrimination, harassment, conspiracy, obstruction, "failure to protect," and "intimidation by threat of retaliation," among a host of other allegations. (Am. to Supp. Compl., Attach. at 2.)

The "Amended Supplemental Complaint" has several deficiencies that require a Second Amended Complaint ("SAC") to be filed. First, it alleges several claims that are not properly joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants. Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." As described above, Plaintiff's claims cover a broad array of different incidents by different individuals over the course of approximately two-and-a-half years. In his SAC, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences and (b) present questions of law or fact common to all defendants named therein. Plaintiff may not include in a single complaint everything that has happened to him over a two-and-a-half-year period in prison that he finds objectionable. He must choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly

joined claims in his SAC, they will be dismissed.

Second, the "Amended Supplemental Complaint" does not comply with Federal Rule of Civil Procedure 8(a)(2), which governs pleadings in federal court and requires a short and plain statement of the claim. *See* Fed. R. Civ. Pro. 8(a)(2). Rule 8(d)(1) further requires each allegation to be "simple, concise, and direct." *Id.* 8(d)(1). Where the allegations in a complaint are "argumentative, prolix, replete with redundancy and largely irrelevant," the complaint fails to comply with Rule 8(a). *McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996) ("Prolix, confusing complaints . . . impose unfair burdens on litigants and judges."); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of complaint that was "'verbose, confusing and almost entirely conclusory'"). The "Amended Supplemental Complaint" here does not comply with Rule 8. There are not simple, concise and direct allegations. Instead, the rambling factual allegations include unnecessary minutiae about dozens of interactions between Plaintiff and Defendants, and the complaint is replete with conclusory argument about retaliation and conspiracies.

Third, it appears that Plaintiff has improperly included as Defendants persons who did no more than fail to grant his administrative appeals. There is no constitutional right to a jail administrative appeal or grievance system. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988); *see Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). Plaintiff had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to handle it in a particular way therefore did not amount to a violation of his right to due process. The descriptions of Plaintiff's efforts to pursue inmate appeals should be clear, direct and *concise* so as to explain to the Court whether he has exhausted his administrative remedies as to each claim.

Finally, Plaintiff names multiple Defendants in his complaint who the Court assumes he is suing in their supervisory capacity. Plaintiff does not allege facts demonstrating that these Defendants violated his federal rights, but seems to claim they are liable based on the conduct of their subordinates. As mentioned above, there is, however, no respondeat superior liability under

1 § 1983 solely because a defendant is responsible for the actions or omissions of another. *See Taylor*,
2 880 F.2d at 1045. Plaintiff's claims against all Defendants in their supervisory capacity are therefore
3 dismissed with leave to amend. Plaintiff may file a SAC that alleges supervisory liability of these
4 Defendants under the standards explained above.

5 In sum, Plaintiff's "Amended Supplemental Complaint" contains allegations that are in direct
6 contravention to Rule 8(a) and *McHenry*. As discussed above, a complaint requires only a short and
7 plain statement of the claim that provides each defendant fair notice of what the claim is and the
8 grounds upon which it rests -- and such allegations must be "simple, concise and direct." Fed. R.
9 Civ. P. 8(a)(2) and (d)(1). The Court will allow Plaintiff leave to prepare a proper SAC that is
10 consistent with federal pleading standards. Plaintiff is advised that for each claim, he must, to the
11 best of his ability, specifically identify each Defendant, and specify what constitutional right he
12 believes each Defendant has violated. Importantly, Plaintiff must allege facts regarding the conduct
13 of each Defendant that he asserts gives rise to that Defendant's liability. A person deprives another
14 of a constitutional right within the meaning of 42 U.S.C. §1983 if he does an affirmative act,
15 participates in another's affirmative act or omits to perform an act which he is legally required to do,
16 that causes the deprivation of which the plaintiff complains. *Leer v. Murphy*, 844 F.2d 628, 633 (9th
17 Cir. 1988). There can be no liability under § 1983 unless there is some affirmative link or connection
18 between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976);
19 *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th
20 Cir.1978).

21 Plaintiff is again reminded that his claims must be set forth in short and plain terms, simply,
22 concisely and directly. To facilitate this, the Court directs Plaintiff to limit his SAC to **forty (40)**
23 **pages**. If Plaintiff fails to comply with these straightforward pleading requirements, the Court will
24 dismiss Plaintiff's proposed SAC. *See McHenry*, 84 F.3d at 1177-78 (affirming Rule 8 dismissal of
25 complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").

26 **IV.    Request for Appointment of Counsel**
27 Plaintiff requests the appointment of counsel to represent him in this action.
28 There is no constitutional right to counsel in a civil case unless an indigent litigant may lose

his physical liberty if he loses the litigation. See *Lassiter v. Dep't of Soc. Servs.,* 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc,* 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a *pro bono* appointment. The proceedings are at an early stage, and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Accordingly, the request for appointment of counsel is DENIED without prejudice. This does not mean, however, that the Court will not consider appointment of counsel at a later juncture in the proceedings; that is, after Plaintiff has filed his SAC to correct the aforementioned deficiencies, the Court has served Defendants, and Defendants have filed their dispositive motion, such that the Court will be in a better position to consider the procedural and substantive matters at issue. If the Court decides that appointment of counsel is warranted at that time, it will seek volunteer counsel to agree to represent Plaintiff *pro bono*.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's "Amended Supplemental Complaint" is DISMISSED with leave to amend in order to give Plaintiff the opportunity to file a **simple, concise and direct** Second Amended Complaint which:

    a. States clearly and simply each claim he seeks to bring in federal court as required under Rule 8, and he should:

        i. Set forth **each claim** in a separate numbered paragraph;

8

      ii. Identify **each Defendant** and the **specific action or actions each Defendant took, or failed to take,** that allegedly caused the deprivation of Plaintiff's constitutional rights; and

      iii. Identify the injury resulting **from each claim**;

   b. Explains how he has exhausted his administrative remedies **as to each claim** as against **each Defendant** *before* he filed this action;

   c. Only alleges those claims that are properly joined under Rule 20(a) (concerning joinder of claims and Defendants) or, stated differently, because Plaintiff may not list everything that has happened to him over a two-and-a-half-year period in prison that he finds objectionable, the Second Amended Complaint may only allege claims that:

      i. Arise out of the **same** transaction, occurrence, or series of transactions or occurrences; and

      ii. Present questions of law or fact common to **all Defendants**;

   d. **Does not** include allegations that any Defendant made an incorrect decision on an administrative appeal or failed to handle it in a particular way because this does not amount to a due process violation; *and*

   e. **Does not** name any Defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish supervisorial liability.

  2. Within **twenty-eight (28) days** from the date of this Order, Plaintiff shall file his Second Amended Complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 12-06537 YGR (PR) -- on the form, clearly label the complaint "Second Amended Complaint," and complete all sections of the form. Because the Second Amended Complaint completely replaces the original complaint and his "Amended Supplemental Complaint," Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint or his "Amended Supplemental Complaint" by reference. If Plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of

1 | Administrative Remedies" section without including a narrative explanation of each grievance filed.
2 | Plaintiff's Second Amended Complaint shall not exceed **forty (40) pages** in length.  **Plaintiff's**
3 | **failure to file his Second Amended Complaint by the twenty-eight-day deadline or to correct**
4 | **the aforementioned deficiencies outlined above will result in the dismissal of this action**
5 | **without prejudice.**

6 | 3. Plaintiff's request for appointment of counsel is DENIED without prejudice.

7 | 4. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
8 | informed of any change of address and must comply with the Court's orders in a timely fashion.
9 | Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes
10 | while an action is pending must promptly file a notice of change of address specifying the new
11 | address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail
12 | directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and
13 | (2) the Court fails to receive within sixty days of this return a written communication from the *pro*
14 | *se* party indicating a current address.  *See* L.R. 3-11(b).

15 | 5. The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy
16 | of this Order.

17 | IT IS SO ORDERED.
18 | DATED: October 30, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**