IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>            Plaintiff,<br><br>   vs.<br><br>EVA SCRUGGS, et al.,<br><br>            Defendants.<br>_____/ | No. C 12-6537 YGR (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND SERVICE** |

## INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the California Substance Abuse Treatment Facility ("CSATF"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, stemming from alleged constitutional violations the took place while he was incarcerated at Salinas Valley State Prison ("SVSP"). Thereafter, he filed a document entitled, "Amended Supplemental Complaint."

Plaintiff's motion for leave to proceed *in forma pauperis* has been granted.

In its Order dated October 30, 2013, the Court noted that Plaintiff's initial complaint was approximately ninety-three pages long, and his "Amended Supplemental Complaint" consisted of 132 pages. The Court further observed that in each document, Plaintiff had completed the four-page civil rights complaint form and then attached multiple additional pages. Plaintiff also referred to several exhibits in both documents, however, no such exhibits had been provided to the Court. The Court then conducted an initial review of his "Amended Supplemental Complaint." The Court dismissed with leave to amend the "Amended Supplemental Complaint." Dkt. 15. The Court granted Plaintiff leave to file a second amended complaint ("SAC") to allow Plaintiff to: (1) identify each individual who allegedly caused a violation of his constitutional rights, link each Defendant to a specific constitutional violation, and identify the injury resulting from each claim; (2) establish that he exhausted all available administrative remedies[1]; (3) only allege claims that are

---

[1] Subsequent to the Court's October 30, 2013 Order, the Ninth Circuit held that a prisoner need not allege exhaustion of administrative remedies in his or her pleadings. *See Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). Therefore, the Court need not address whether Plaintiff has sufficiently alleged exhaustion.

properly joined under Rule 20(a); (4) refrain from including allegations that any Defendant made an incorrect decision on an administrative appeal or failed to handle it in a particular way because this does not amount to a due process violation; and (5) refrain from naming any Defendant who did not act but is linked solely in his or her respondent superior capacity or against whom Plaintiff cannot allege facts that would establish supervisorial liability. Dkt. 15 at 8-9. The Court also notified Plaintiff that "[b]ecause the [SAC] completely replaces the original complaint and his 'Amended Supplemental Complaint,' Plaintiff must include in it all the claims he wishes to present." *Id.* at 9.

Now pending before the Court is Plaintiff's SAC, dkt. 16, in which he seeks monetary damages and injunctive relief based on alleged injuries caused by employees of SVSP on unspecified dates when he was incarcerated there from 2011 through 2012. The Court reviews the SAC below.

**DISCUSSION**

**I.     Injunctive Relief Claims**

As mentioned above, Plaintiff seeks both injunctive relief and monetary damages. The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. *PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Where injunctive relief is involved, questions of mootness are determined in light of the present circumstances. *See Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996).

When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). A claim that the inmate might be re-transferred to the prison where the injury occurred is too speculative to overcome mootness. *Id.*

When Plaintiff filed his original complaint on December 27, 2012, he was incarcerated at SVSP. Plaintiff sought injunctive relief to remedy his alleged injuries stemming from various

2

constitutional violations at SVSP. On December 9, 2013, Plaintiff filed his SAC, and he has since been transferred to CSATF. Because Plaintiff is no longer incarcerated at SVSP, his claims for injunctive relief based on his confinement at SVSP are DISMISSED as moot. The Court proceeds to review Plaintiff's remaining claims for monetary damages.

## II. Claims for Monetary Damages

### A. Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Legal Claims

In his SAC, Plaintiff alleges multiple incidents involving various SVSP prison officials. Specifically, the Court finds that Plaintiff has alleged the following cognizable claims against the following named Defendants:

(1) a claim of retaliation against Defendants Scruggs, Brunscher, Lawson, Sulliven, Binkele, and Hedgpeth for acting in retaliation for Plaintiff filing grievances and leading to Plaintiff's termination from his employment based on his refusal to sign a "discresionary [sic] binfit [sic] agreement[]" and "conditioning [his] employment on such a waiver";

(2) an Eighth Amendment claim that Defendants Scruggs and Brunscher acted with deliberate indifference to the threat of serious harm or injury to Plaintiff by other prisoners resulting from these Defendants spreading certain rumors that Plaintiff was an "F.B.I., snitch, rat, informer";

(3) a claim for emotional distress and mental torture against Defendants Scruggs, Brunscher, Mojica and Medina for their "acts/ommissions [sic] of [] malicious callous intent" prior to the incident involving an assault and battery with a weapon by his cell mate inmate Lozano, who stated to Plaintiff, "That ass kicking is for being a SNITCH!";

(4) a claim of retaliation against Defendants Brunscher, Scruggs, Lawson, Medina and Mojica for retaliation against Plaintiff for filing grievances;

(5) a claim of a denial of Plaintiff's right to access to the courts against Defendants

Mojica and Medina; and

(6) a claim of conspiracy and a related claim of failing to prevent the conspiracy, in violation of 42 U.S.C. § 1986, against Defendants Mojica, Medina, Hedgpeth and Cats. Dkt. 16 at 15-16.[2]

Plaintiff has also named Defendant Secretary of the Department of Corrections and Rehabilitation J. Beard in the "Parties" section of his SAC. Dkt. 16 at 5. However, Plaintiff does not claim Defendant Beard personally violated his constitutional rights. Rather, Plaintiff seems to contend that Defendant Beard is liable based on the conduct of his subordinates, the aforementioned SVSP Defendants. However, there is no respondeat superior liability under § 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, Plaintiff must allege that Defendant Beard, as a supervisor, "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Here, no facts are alleged to establish supervisorial liability on the part of Defendant Beard. Accordingly, Plaintiff's supervisory liability claim against Defendant Beard is DISMISSED without prejudice.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's injunctive relief based on his confinement at SVSP are DISMISSED as moot.

2. The aforementioned legal claims for monetary damages are COGNIZABLE against the aforementioned named Defendants.

3. Plaintiff's supervisory liability claim against Defendant Beard is DISMISSED without prejudice.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the SAC and all attachments thereto (dkt. 16) and a copy of this Order to: (1) the following persons at SVSP: **Bakery Supervisors Eva Scruggs and J. Brunscher; Officers S. Lawson and M. Cats; Lieutenants P. Sulliven, R. Mojica, and E. Medina; and Captain R. Binkele.** The Clerk of the

---

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

4

Court shall also mail a copy of the SAC and a copy of this Order to the California State Attorney General's Office**.**  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

6. Defendants shall answer the SAC in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[3] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

5

Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on the face of the SAC, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino*, 747 F.3d at 1166 (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is *not* clear on the face of the SAC, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

       b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

       c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your SAC says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a

6

genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to exhaust is clear on the face of the SAC -- a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your SAC insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  *Woods*, 684 F.3d at 935.)

        d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.    The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

7.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8.    All communications by Plaintiff with the Court must be served on Defendants or

their counsel, once counsel has been designated, by mailing a true copy of the document to them.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: August 28, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**