IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>EVA SCRUGGS, et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　／ | No. C 12-6537 YGR (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SERVED DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF; INSTRUCTIONS TO CLERK RE SERVING DEFENDANT HEDGPETH; AND SETTING BRIEFING SCHEDULE FOR DEFENDANT HEDGPETH** |

　　　　Plaintiff, a state prisoner currently incarcerated at the California Substance Abuse Treatment Facility, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, stemming from alleged constitutional violations the took place while he was incarcerated at Salinas Valley State Prison ("SVSP"). The operative complaint is Plaintiff's Second Amended Complaint ("SAC"), dkt. 16, in which he seeks monetary damages and injunctive relief based on alleged injuries caused by employees of SVSP on unspecified dates when he was incarcerated there from 2011 through 2012.

　　　　In an Order dated August 28, 2014, the Court found that Plaintiff's SAC stated cognizable claims against nine defendants, including Defendant A. Hedgpeth. Dkt. 23 at 3-4. In its August 28, 2014 Order, the Court required the Clerk of the Court to mail a Notice of Lawsuit and Request for Waiver of Service of Summons to eight of these Defendants, but it inadvertently did not include instructions for the Clerk to do the same for Defendant Hedgpeth. *Id.* at 4. The seven Defendants who received the Notices of Lawsuit and Requests for Waiver returned their waivers.[1] Dkts. 29-30. Their response to the SAC is due on October 28, 2014. *Id.*

　　　　Before the Court is the aforementioned seven served Defendants' Motion for Administrative Relief, in which they request "clarification regarding the status of Defendant Hedgpeth." Dkt. 31 at 2. These Defendants also request -- in the event that the Court issues a new briefing schedule for Defendant Hedgpeth -- a "single briefing schedule on responsible pleadings and dispositive

---

[1] Defendant M. Cats has not been served in this action because the Court has been informed that there is no record of him "ever working at SVSP." Dkt. 27. Therefore, in an Order dated September 18, 2014, the Court directed Plaintiff to provide it with the current address of Defendant Cats within twenty-eight days or risk dismissal without prejudice under Rule 4(m) of the claims against this Defendant. Dkt. 28 at 2.

motions." *Id.* These Defendants' motion is GRANTED in part and DENIED in part. Their request for clarification on the status of Defendant Hedgpeth is GRANTED, and he will be served as directed below. However, the Court will issue a new briefing schedule below specifically for Defendant Hedgpeth only, and not for the seven served Defendants. As such, these Defendants shall abide by the briefing schedule in the Court's August 28, 2014 Order.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The seven served Defendants' Motion for Administrative Relief is GRANTED in part and DENIED in part. Dkt. 31.

2. The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the SAC and all attachments thereto (dkt. 16) and copies of the Court's August 28, 2014 Order as well as this Order to **former SVSP Chief Deputy Warden A. Hedgpeth.**

3. Because the other seven served Defendants have been directed to abide by the briefing schedule in the Court's August 28, 2014 Order, the following briefing schedule only applies to Defendant Hedgpeth (hereinafter "Defendant"):

    a. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally

2

served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

    b.  Defendant shall answer the SAC in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    1)  No later than **sixty (60) days** from the date the answer is due, Defendant shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on the face of the SAC, Defendant may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is *not* clear on the face of the SAC, Defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

  If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due. All papers filed

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

3

with the Court shall be promptly served on Plaintiff.

2) Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's motion is filed.

3) Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your SAC says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that -- in the rare event that Defendant argues that the failure to exhaust is clear on the face of the SAC -- a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your SAC insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust

4

under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        4)       Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        5)       The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

4. All communications by Plaintiff with the Court must be served on Defendant Hedgpeth and the served Defendants or their counsel, by mailing a true copy of the document to them.

5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

6. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

7. This Order terminates Docket No. 31.

IT IS SO ORDERED.

DATED: October 29, 2014

                                                **YVONNE GONZALEZ ROGERS**
                                                **UNITED STATES DISTRICT COURT JUDGE**