UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JERRY DILLINGHAM,

          Plaintiff,

        v.

EVA SCRUGGS, et al.,

          Defendants.

Case No.  12-cv-06537-YGR (PR)

**ORDER (1) RE-SERVING DEFENDANT M. CATS; (2) DENYING SERVED DEFENDANTS' REQUEST FOR AN EXTENSION OF TIME TO FILE MOTION FOR SUMMARY JUDGMENT; (3) DENYING WITHOUT PREJUDICE THEIR PENDING MOTION TO DISMISS; (4) DENYING AS MOOT PLAINTIFF'S REQUEST FOR EXTENSION OF TIME TO FILE OPPOSITION; AND (5) DENYING PLAINTIFF'S THIRD REQUEST FOR APPOINTMENT OF COUNSEL**

Dkts. 32, 34, 40, 42, 44

Plaintiff, a state prisoner currently incarcerated at the California Substance Abuse Treatment Facility, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, stemming from alleged constitutional violations the took place while he was incarcerated at Salinas Valley State Prison ("SVSP"). The operative complaint is Plaintiff's Second Amended Complaint ("SAC"), dkt. 16, which is based on alleged injuries caused by employees of SVSP on unspecified dates when he was incarcerated there from 2011 through 2012.

In an Order dated August 28, 2014, the Court found that Plaintiff's SAC stated cognizable claims against nine Defendants. Dkt. 23. Seven of these Defendants have been served; however, there are two remaining Defendants who have not yet been served—Defendants A. Hedgpeth and M. Cats. Defendant Hedgpeth has since been re-served. Dkt. 36. However, to date, Defendant Cats has not yet been re-served.

In an Order dated September 18, 2014, the Court alerted Plaintiff that it had been informed that there were "no records of . . . Defendant [Cats] ever working at SVSP." Dkt. 28 at 1.

United States District Court
Northern District of California

1    Therefore the Court directed Plaintiff to provide it with current address for Defendant Cats.  *Id.*

2    On October 29, 2014, the Court denied the seven served Defendants' request for an

3    extension of time to file their dispositive motion and directed them to abide by the briefing

4    schedule in the Court's August 28, 2014 Order.

5    Before the Court are Plaintiff's response to the Court's September 18, 2014 Order relating

6    to unserved Defendant Cats (docketed as his "Motion for Administrative Relief") (dkt. 40); his

7    third request for appointment of counsel (dkt. 32); the seven served Defendants' motion to dismiss

8    (dkt. 34); Plaintiff's motion for an extension of time to file an opposition to the served

9    Defendants' motion to dismiss (dkt. 42); and the served Defendants' motion for an extension of

10   time to file their motion for summary judgment as to the claims not included in their motion to

11   dismiss (dkt. 44).  The Court will address each motion below.

12   **I.       DEFENDANT CATS**

13   As mentioned above, Defendant Cats has not yet been served in this action.  In Plaintiff's

14   response to the Court's September 18, 2014 Order, he states that Defendant Cats is not an SVSP

15   Correctional Officer as the Court had originally indicated he was in its August 28, 2014 Order.

16   Plaintiff now claims that Defendant Cats is actually *not* an SVSP employee at all, and instead he is

17   the former Director of the California Department of Corrections and Rehabilitation ("CDCR").

18   Dkt. 40 at 3.

19   First, the Clerk of the Court is directed to terminate Plaintiff's response, which was

20   docketed as his "Motion for Administrative Relief" to re-serve Defendant Cats at the CDCR, and

21   the Court will issue a new briefing schedule below specifically for Defendant Cats only, and not

22   for the remaining Defendants.  As such, these remaining Defendants shall abide by the briefing

23   schedule in the Court's August 28, 2014 and October 29, 2014 Orders, as further explained below.

24   **II.      SERVED DEFENDANTS' REQUEST FOR EXTENSION OF TIME TO FILE
           MOTION FOR SUMMARY JUDGMENT**

25   The seven served Defendants have filed a motion to dismiss, relating to certain claims on

26   the SAC.  Dkt. 34.  Because they filed the aforementioned motion to dismiss, these served

27   Defendants have filed a request for an extension of time to file a motion for summary judgment as

28

to the claims that will remain if their motion to dismiss is granted, including: "(1) a claim against Defendants Scruggs and Mojica for retaliating against [Plaintiff] for filing grievances; and (2) a deliberate-indifference claim against Defendants Scruggs and Brunscher for spreading rumors that [Plaintiff] was a 'snitch,' but not for the attack by inmate Lozano." Dkt. 44 at 2. Defendants have requested an extension of time to file their motion for summary judgment up to and including sixty days after the Court rules on the pending motion to dismiss. *Id.*

As mentioned above, in its October 29, 2014 Order, the Court denied the seven served Defendants' first request for an extension of time to file their dispositive motion and directed them to abide by the briefing schedule in the Court's August 28, 2014 Order.[1] Accordingly, a dispositive motion relating to the claims against the seven served Defendants was due no later than December 29, 2014.[2] Instead of filing such a dispositive motion, these Defendants chose to only file the aforementioned motion to dismiss as to *some* of the claims on the SAC. By choosing to proceed using this route, Defendants are now filing yet *another* request for an extension of time, which the Court again DENIES. Filing separate dispositive motions is not in line with the Court's briefing schedule in its August 28, 2014 Order. Doing so also forces Plaintiff, who is a *pro se* prisoner, to have to file multiple responses to separate dispositive motions. Such a requirement is bound to cause even more delays. In fact, Plaintiff has already requested an extension of time to respond to the pending motion to dismiss. In light of this, the Court not only chooses to deny the pending motion for extension of time, but it also DENIES the pending motion to dismiss (Dkt. 34) without prejudice to refiling it along with the motion for summary judgment as to the claims that were not addressed in the pending motion to dismiss. These seven served Defendants are directed to file only *one* dispositive motion relating to *all* the claims against them—no later than the

---

[1] On September 30, 2014, the seven served Defendants filed a Motion for Administrative Relief, in which they request "clarification regarding the status of Defendant Hedgpeth." Dkt. 31 at 2. These Defendants also requested -- in the event that the Court issued a new briefing schedule for Defendant Hedgpeth -- a "single briefing schedule on responsible pleadings and dispositive motions." *Id.* As explained above, the Court directed the seven served Defendants to abide by the original briefing schedule in its August 28, 2014 Order. *Id.* In essence, the Court *denied* these Defendants' request for an extension of time to file their dispositive motion.

[2] December 26, 2014 is a holiday; therefore, the Court has moved the due date to December 29, 2014.

**December 29, 2014** due date, and the parties are directed to still abide by the briefing schedule in the Court's August 28, 2014 Order.

III.   **PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO MOTION TO DISMISS**

Because the Court has denied the severed Defendants' pending motion to dismiss (without prejudice to refiling), Plaintiff 's request for an extension of time in which to file his opposition to that dispositive motion is DENIED as moot.  Dkt. 42.

IV.   **PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff's pending motion for appointment of counsel (dkt. 32) represents his third such request in this matter.  For the reasons stated in the Court's prior Orders denying appointment of counsel (dkts. 15, 19), Plaintiff's third motion for appointment of counsel is DENIED.  If the Court subsequently determines appointment of counsel is warranted, it will seek volunteer counsel to represent Plaintiff.

V.   **CONCLUSION**

For the reasons outlined above, the Court orders as follows:

1.   Plaintiff's "Motion for Administrative Relief" (dkt. 40) is TERMINATED as unnecessary because the Court has construed that filing as a response to its September 18, 2014 Order relating to unserved Defendant Cats.  The Clerk shall re-serve Defendant Cats as directed below, and the parties shall abide by the briefing schedule below as to the claims against Defendant Cats.

2.   The Court DENIES the served Defendants' motion for an extension of time to file their motion for summary judgment as to the claims not included in their motion to dismiss (dkt. 44).

3.   The Court DENIES the served Defendants' pending motion to dismiss (dkt. 34) without prejudice to refiling it along with the motion for summary judgment as to the claims that were not addressed in the pending motion to dismiss.   The served Defendants shall file only *one* dispositive motion no later than **December 29, 2014**.  Plaintiff will then file only *one* opposition to the dispositive motion no later than **twenty-eight (28) days** after the date on which Defendants'

4

motion is filed.  Defendants shall then file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

4.    Plaintiff 's request for an extension of time in which to file his opposition to the pending motion to dismiss is DENIED as moot (dkt. 42).

5.    Plaintiff's third motion for appointment of counsel is DENIED (dkt. 32).

6.    The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the SAC and all attachments thereto (dkt. 16) and copies of the Court's August 28, 2014 Order (dkt. 23) as well as this Order to **Former CDCR Director M. Cats.**

7.    Because the seven served Defendants have been directed to abide by the briefing schedule in the Court's August 28, 2014 Order and Defendant Hedgpeth has been directed to abide by the briefing schedule in the Court's October 29, 2014 Order, the following briefing schedule only applies to Defendant Cats (hereinafter "Defendant"):

a.    Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

b.    Defendant shall answer the SAC in accordance with the Federal Rules of

5

United States District Court
Northern District of California

1   Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

2             1)   No later than **twenty-eight (28) days** from the date the answer is

3   due, Defendant shall file a motion for summary judgment or other dispositive motion.  The motion

4   must be supported by adequate factual documentation, must conform in all respects to Federal

5   Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming

6   from the events at issue.  A motion for summary judgment also must be accompanied by a Rand

7   notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in

8   order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice

9   requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A

10  motion to dismiss for failure to exhaust available administrative remedies must be accompanied by

11  a similar notice.  However, the Court notes that under the new law of the circuit, in the rare event

12  that a failure to exhaust is clear on the face of the SAC, Defendant may move for dismissal under

13  Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b)

14  motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v.*

15  *Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available

16  administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be

17  raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is

18  not clear on the face of the SAC, Defendant must produce evidence proving failure to exhaust in a

19  motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most

20  favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under

21  Rule 56.  *Id.*  But if material facts are disputed, summary judgment should be denied and the

22  district judge rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at

23  1168.

24        If Defendant is of the opinion that this case cannot be resolved by summary judgment, he

25  shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed

26  with the Court shall be promptly served on Plaintiff.

27            2)   Plaintiff's opposition to the dispositive motion shall be filed with the

28  Court and served on Defendant no later than **twenty-eight (28) days** after the date on which

6

United States District Court
Northern District of California

1   Defendant's motion is filed.

2              3)      Plaintiff is advised that a motion for summary judgment under Rule

3   56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what

4   you must do in order to oppose a motion for summary judgment.  Generally, summary judgment

5   must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute

6   about any fact that would affect the result of your case, the party who asked for summary

7   judgment is entitled to judgment as a matter of law, which will end your case.  When a party you

8   are suing makes a motion for summary judgment that is properly supported by declarations (or

9   other sworn testimony), you cannot simply rely on what your SAC says.  Instead, you must set out

10  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

11  as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and

12  documents and show that there is a genuine issue of material fact for trial.  If you do not submit

13  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

14  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154

15  F.3d at 962-63.

16              Plaintiff also is advised that -- in the rare event that Defendant argues that the failure to

17  exhaust is clear on the face of the SAC -- a motion to dismiss for failure to exhaust available

18  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without

19  prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did

20  exhaust your available administrative remedies before coming to federal court.  Such evidence

21  may include: (1) declarations, which are statements signed under penalty of perjury by you or

22  others who have personal knowledge of relevant matters; (2) authenticated documents --

23  documents accompanied by a declaration showing where they came from and why they are

24  authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements

25  in your SAC insofar as they were made under penalty of perjury and they show that you have

26  personal knowledge of the matters state therein.  As mentioned above, in considering a motion to

27  dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment

28  motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed

7

United States District Court
Northern District of California

1    issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

2        (The notices above do not excuse Defendant's obligation to serve similar notices again

3    concurrently with motions to dismiss for failure to exhaust available administrative remedies and

4    motions for summary judgment. *Woods*, 684 F.3d at 935.)

5            4)    Defendant shall file a reply brief no later than **fourteen (14) days**

6    after the date Plaintiff's opposition is filed.

7            5)    The motion shall be deemed submitted as of the date the reply brief

8    is due.  No hearing will be held on the motion unless the Court so orders at a later date.

9        8.    All communications by Plaintiff with the Court must be served on Defendants Cats

10   and Hedgpeth as well as the served Defendants or their counsel, by mailing a true copy of the

11   document to them.

12       9.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

13   informed of any change of address and must comply with the Court's orders in a timely fashion.

14   Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

15   while an action is pending must promptly file a notice of change of address specifying the new

16   address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

17   directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

18   (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

19   *se* party indicating a current address.  *See* L.R. 3-11(b).

20       10.    Extensions of time are not favored, though reasonable extensions will be granted.

21   Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the

22   deadline sought to be extended.

23       11.    This Order terminates Docket Nos. 32, 34, 40, 42 and 44.

24       IT IS SO ORDERED.

25   Dated: November 18, 2014                    _____

26                                               YVONNE GONZALEZ ROGERS
                                                 United States District Court Judge
27

28

8