UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br>           Plaintiff,<br>     v.<br>EVA SCRUGGS, et al.,<br>           Defendants. | Case No. 12-cv-06537-YGR (PR)<br><br>**ORDER DISMISSING WITHOUT PREJUDICE CLAIMS AGAINST DEFENDANT M. CATS** |

   Plaintiff, a state prisoner, filed the present *pro se* prisoner action under 42 U.S.C. § 1983. The Court issued an Order of Service. Defendant M. Cats has not been served in this action.

   In an Order dated September 18, 2014, Plaintiff was directed to provide the Court with the required information necessary to locate Defendant Cats. Dkt. 28. Plaintiff was also informed that the failure to do so shall result in the dismissal of all claims against Defendant Cats. *Id.* at 2.

   As Plaintiff is proceeding *in forma pauperis* ("IFP"), he is responsible for providing the Court with current addresses for all Defendants so that service can be accomplished. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994*); Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990).

   Pursuant to Federal Rule of Civil Procedure 4(m), if a complaint is not served within 120 days from the filing of the complaint, it may be dismissed without prejudice for failure of service. When advised of a problem accomplishing service, a *pro se* litigant proceeding IFP must "attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the Marshal is unable to effectuate service through no fault of his own, e.g., because the plaintiff failed to provide sufficient information, the plaintiff must seek to remedy the situation or face dismissal. *See Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why complaint against prison official should not be dismissed under Rule 4(m) because

1  prisoner did not prove that he provided Marshal with sufficient information to serve official or that
2  he requested that official be served).
3  Here, the Clerk of the Court was directed to serve Defendant Cats at two different
4  locations, first at Salinas Valley State Prison and then at the California Department of Corrections
5  and Rehabilitation. Dkts. 23 at 4, 47 at 2. Both attempts were unsuccessful. Dkts. 27, 58. In an
6  Order dated April 7, 2015, the Court informed Plaintiff that service had still been ineffective on
7  Defendant Cats and granted Plaintiff a final extension of time to provide a current address for this
8  Defendant—no later than April 30, 2015. Dkt. 80. Again, Plaintiff was warned that his failure to
9  do so by the new deadline shall result in the dismissal of all claims against Defendant Cats. *Id.* at
10 2. The April 30, 2015 deadline has passed, and Plaintiff has failed to provide the Court with the
11 aforementioned required information.
12 This action has been pending for over 120 days, and service upon Defendant Cats has not
13 been effectuated. Plaintiff has failed to show cause why the claims against Defendant Cats should
14 not be dismissed without prejudice pursuant to Rule 4(m). Accordingly, all claims against
15 Defendant Cats are DISMISSED without prejudice under Rule 4(m).
16 IT IS SO ORDERED.
17 Dated: May 7, 2015
   _____
18 YVONNE GONZALEZ ROGERS
   United States District Court Judge

2