UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DILLINGHAM,<br><br>Plaintiff,<br><br>v.<br><br>EVA SCRUGGS, et al.,<br><br>Defendants. | Case No. 12-cv-06537-YGR (PR)<br><br>**ORDER**<br>**(1) VACATING MAY 7, 2015 ORDER;**<br>**(2) GRANTING PLAINTIFF EXTENSION OF TIME TO:**<br>**(A) LOCATE DEFENDANT CATS, AND**<br>**(B) FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT; AND**<br>**(3) ADDRESSING HIS OTHER PENDING MOTIONS** |

Plaintiff Jerry Dillingham, currently incarcerated at the California Substance Abuse and Treatment Facility, brings the instant *pro se* action, pursuant to 42 U.S.C. § 1983, stemming from alleged constitutional violations that took place while he was incarcerated at Salinas Valley State Prison ("SVSP") from 2011 through 2012.

The parties are presently before the Court on Defendants' motion for summary judgment (dkt. 65) as well as Plaintiff's pending motions, including: his motion for leave to file a third amended complaint (dkts. 50, 61); his "Motion[s] for Administrative Relief" (dkts. 51, 77); his renewed motion for appointment of counsel (dkt. 78); and his motion to compel discovery (dkt. 82).

To date, Plaintiff has not yet filed an opposition to Defendants' motion for summary judgment, and it is currently overdue. Therefore, the Court will not be able to resolve the pending motion for summary judgment. Instead, the Court shall GRANT Plaintiff's request for an extension of time to file his opposition, and it shall also address his pending motions below.

**I.     PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Prior to Defendants filing their motion for summary judgment, Plaintiff had filed a motion entitled, "Motion for Leave to File Proposed 3[r]d Amended Complaint Joinding [sic] Parties

1   Pleadings Claims in Filed Case No. 4:13-cv-5777."[1]  Dkt. 50.  Plaintiff later filed another motion
2   for leave to amend, along with a copy of the proposed third amended complaint.  Dkt. 61.
3   Initially, Defendants did not oppose Plaintiff's motion seeking leave to file a third amended
4   complaint; however, they have since filed a motion for summary judgment in the instant matter.

5      Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint should
6   be "freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Four factors are commonly
7   used to determine the propriety of a motion for leave to amend.  These are:  bad faith, undue delay,
8   prejudice to the opposing party, and futility of amendment."  *Ditto v. McCurdy*, 510 F.3d 1070,
9   1079 (9th Cir. 2007) (citations and internal quotation marks omitted).  The decision to grant or
10  deny a request for leave to amend rests in the discretion of the trial court.  *See California v. Neville*
11  *Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004).

12     Here, the Court finds that granting leave to amend is unwarranted.  At this time, the Court
13  specifically finds that permitting the proposed amendment would by unduly prejudicial to
14  Defendants.  Defendants timely filed their motion for summary judgment based on the claims
15  which the Court found cognizable in its Order of Service.  To allow Plaintiff to pursue improperly
16  joined claims based on an entirely different set of circumstances at this late stage of the action
17  would undoubtedly be prejudicial, particularly given that the dispositive motion deadline has
18  passed.  *Cf. Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir.
19  1986) (affirming denial of motion for leave to amend on the ground that "allowing amendment
20  would prejudice the [defendant] because of the necessity for further discovery").  In any event,
21  Plaintiff has been able to pursue those claims in his other pending civil rights action.  *See* Case
22  No. C 13-5777 YGR (PR).

23     Accordingly, Plaintiff's motion for leave to amend to file a third amended complaint is
24  DENIED.

---

[1] In Case No. C 13-5777 YGR (PR), Plaintiff had filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, in which he sought monetary damages based on alleged injuries caused by SVSP employees when he was incarcerated there from 2012 through 2013.  To date, there is also a pending motion for summary judgment that has been filed by Defendants in that case.  Dkt. 34 in Case No. C 13-5777 YGR (PR).

## II.  RENEWED REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a renewed request for the appointment of counsel to represent him in this action. Dkt. 78. He also requests for an extension of time to file his opposition to Defendants' motion for summary judgment. Dkt. 77.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

The Court has denied Plaintiff's previously-filed motions for appointment of counsel. Dkts. 15, 19. At this time, the Court finds that exceptional circumstances entitling Plaintiff to court appointed counsel still do not exist. The legal issues are not complex. Accordingly, Plaintiff's renewed request for appointment of counsel is DENIED without prejudice. Dkt. 78.

As mentioned above, Plaintiff's opposition to Defendants' motion for summary judgment is presently overdue. Now that the Court has ruled on Plaintiff's pending motion for leave to amend as well as his motion for appointment of counsel, the Court GRANTS his request for an extension of time in which to file his opposition to Defendants' motion for summary judgment. Dkt. 77. The parties are directed to abide by the briefing schedule outlined below.

## III.  MOTION TO COMPEL DISCOVERY

On May 7, 2015, the Court dismissed all claims against unserved Defendant M. Cats pursuant to Federal Rule of Civil Procedure 4(m). Dkt. 81. In its May 7, 2015 Order, the Court explained that all attempts to serve Defendant Cats have been unsuccessful and that Plaintiff had

3

failed to provide a current address for Defendant Cats by the April 30, 2015 deadline, stating:

> Here, the Clerk of the Court was directed to serve Defendant Cats at two different locations, first at Salinas Valley State Prison and then at the California Department of Corrections and Rehabilitation. Dkts. 23 at 4, 47 at 2. Both attempts were unsuccessful. Dkts. 27, 58. In an Order dated April 7, 2015, the Court informed Plaintiff that service had still been ineffective on Defendant Cats and granted Plaintiff a final extension of time to provide a current address for this Defendant—no later than April 30, 2015. Dkt. 80. Again, Plaintiff was warned that his failure to do so by the new deadline shall result in the dismissal of all claims against Defendant Cats. *Id.* at 2. The April 30, 2015 deadline has passed, and Plaintiff has failed to provide the Court with the aforementioned required information.
>
> This action has been pending for over 120 days, and service upon Defendant Cats has not been effectuated. Plaintiff has failed to show cause why the claims against Defendant Cats should not be dismissed without prejudice pursuant to Rule 4(m). Accordingly, all claims against Defendant Cats are DISMISSED without prejudice under Rule 4(m).

Dkt. 81 at 2.

Also on May 7, 2015 (but after the aforementioned May 7, 2015 Order had been issued), Plaintiff filed a motion to compel discovery. Dkt. 82. It seems that, as of April 30, 2015 (the date he signed the motion to compel), Plaintiff had been attempting to submit discovery requests to Defendants' attorney, Deputy Attorney General Damon Grant McClain, in an effort to obtain a current address for Defendant Cats.[2] *Id.* at 1. However, Plaintiff claims that Deputy Attorney General McClain has not responded to his discovery requests. *Id.* Therefore, Plaintiff filed the instant motion to compel discovery, in which he asks the Court to issue an order directing Defendants' attorney to provide him with the current address for Defendant Cats.

First, because it is evident that Plaintiff had still been attempting to locate Defendant Cats prior to the April 30, 2015 deadline, the Court VACATES its May 7, 2015 Order dismissing all claims against Defendant Cats.

---

[2] Plaintiff claims that he has also made efforts to obtain the current addresses of Defendants A. Hedgpeth and F. Mejia. However, the record shows that Defendant Hedgpeth has since been served. Dkt. 59. Defendant Mejia, who is a Defendant in Plaintiff's other pending action (Case No. C 13-5777 YGR (PR)), has also been served. Dkt. 65 in Case No. C 13-5777 YGR (PR). Therefore, the Court need not address Plaintiff's discovery requests relating to those Defendants.

4

1  Next, the Court turns to Plaintiff's pending motion to compel discovery. It is not an
2  effective or appropriate use of the Court's limited resources for it to oversee all aspects of
3  discovery. Thus, before filing a motion to compel, the moving party must first attempt to resolve
4  the dispute informally with the opposing party. It is only when the parties are unable to resolve
5  the dispute after making a good faith effort to do so should they seek the Court's intervention. *See*
6  Fed. R. Civ. P. 37(a)(2)(B); N.D. Cal. Local Rule 37-1. Because Plaintiff is incarcerated, he is not
7  required to meet and confer with Defendants in person. Rather, if Plaintiff's discovery requests
8  are denied and he intends to pursue a motion to compel, he need only send a letter to Defendants
9  to that effect, offering them one last opportunity to provide him the sought-after information. The
10 letter should state the specific discovery he seeks, and state the reasons that Plaintiff believes he is
11 entitled to such discovery.

12 Here, there is nothing in the record to show that Plaintiff met and conferred with
13 Defendants, nor is there any proof that he sent a letter to Defendants, granting them an additional
14 opportunity to provide him the information he sought. For this reason, Plaintiff's motion to
15 compel is DENIED as premature. Dkt. 82.

16 In an abundance of caution, the Court directs Deputy Attorney General McClain to file a
17 status report no later than **three (3) days** of the date of this Order as to whether he received
18 Plaintiff's discovery request relating to the current address of Defendant Cats and, if so, when a
19 response is expected. If not, he shall advise whether Plaintiff made any efforts to meet and confer
20 with Defendants prior to filing the motion to compel discovery.

21 Finally, the time in which Plaintiff may provide the Court with the required information
22 necessary to locate Defendant Cats will be extended up to and including **June 26, 2015**.

23 **IV.   MOTIONS FOR ADMINISTRATIVE RELIEF**

24 Plaintiff's first "Motion for Administrative Relief" (dkt. 51) is GRANTED. In that
25 motion, he requests a copy of his "Reply and Opposition to Defendants['] Rule 12(b)(6) Motion to
26 Dismiss[3]" (dkt. 49) as well as a copy of his proposed third amended complaint. The Court has

---

[3] Defendants' motion to dismiss has since been denied without prejudice to refiling it along with the motion for summary judgment as to the claims that were not addressed in that motion to

5

already directed the Clerk to return Plaintiff's copy of the third amended complaint. The Court GRANTS Plaintiff's request for a copy of his "Reply and Opposition to Defendants['] Rule 12(b)(6) Motion to Dismiss" (dkt. 49), and the Clerk shall also send him a copy of that document.

Plaintiff's second "Motion for Administrative Relief" (dkt. 77) is GRANTED in part and DENIED in part. In that motion, he requests that the Court rule on the pending motion for leave to file a third amended complaint. That request has been granted because the Court has already ruled above on his motion for leave to file a third amended complaint by denying it. Plaintiff also requests for an extension of time to file his opposition to the motion for summary judgment, and that request has also been granted above. Finally, Plaintiff requests that the Court participate in coordinating settlement discussions with all Defendants from Plaintiff's two cases. The Northern District of California has established a Pro Se Prisoner Settlement Program. Certain prisoner civil rights cases may be referred to a magistrate judge for a settlement conference. However, in the instant matter, the Court finds that a referral is not yet in order because Plaintiff's claims in both cases have not yet survived summary judgment. Thus, after the Court resolves the pending motions for summary judgment in both cases, then it will *sua sponte* consider whether to refer them to Magistrate Judge Nandor Vadas for a settlement conference.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's motion for leave to amend to file a third amended complaint is DENIED. Dkts. 50, 61.

2. Plaintiff's renewed request for appointment of counsel is DENIED without prejudice. Dkt. 78.

3. Plaintiff's request for an extension of time in which to file his opposition to Defendants' motion for summary judgment is GRANTED. Dkt. 77. The time in which Plaintiff may file his opposition will be extended up to and including **July 14, 2015**. Defendants reply to the opposition must be filed no later than **July 28, 2015**. **No further extensions of time will be**

---

dismiss. Dkt. 47 at 3. As explained above, Defendants have now filed their motion for summary judgment. Dkt. 65.

1 **granted in this case absent extraordinary circumstances.**

2     4.    The Court VACATES its May 7, 2015 Order dismissing all claims against
3 Defendant Cats.

4     5.    Plaintiff's motion to compel discovery (relating to the current address of Defendant
5 Cats) is DENIED as premature.  Dkt. 82.

6     6.    The Court directs Deputy Attorney General McClain to file a status report no later
7 than **three (3) days** of the date of this Order as directed herein.

8     7.    The time in which Plaintiff may provide the Court with the required information
9 necessary to locate Defendant Cats will be extended up to and including **June 26, 2015**.

10     8.    Plaintiff's first "Motion for Administrative Relief" is GRANTED, as explained
11 above.  Dkt. 51.

12     9.    Plaintiff's second "Motion for Administrative Relief" is GRANTED in part and
13 DENIED in part, as explained above.  Dkt. 77.

14     10.    The Clerk shall send Plaintiff a copy of his "Reply and Opposition to Defendants[']
15 Rule 12(b)(6) Motion to Dismiss" (dkt. 49) as well as a copy of his proposed third amended
16 complaint (dkt. 61-1), along with his copy of this Order.

17     11.    This Order terminates Docket Nos. 50, 51, 61, 77, 78 and 82.

18 IT IS SO ORDERED.

19 Dated:  May 28, 2015

                                    YVONNE GONZALEZ ROGERS
                                    United States District Judge